IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SYLVESTER E. HARDING, III,          )
                                     )
        Plaintiff,                )
                                     )
        v.                        )     1:14CV321
                                     )
MR. SUMMERS, et al.,                 )
                                     )
        Defendant(s).             )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of North Carolina, followed later by a Corrected Complaint and an application to proceed *in forma pauperis*. That court then transferred the action to this Court. The form of the Corrected Complaint is such that serious flaws make it impossible to further process it. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review. As stated above, Plaintiff submitted an *in forma pauperis* application. However, it does not set out the total amount of deposits into his prison trust account during the past six months. Therefore, the Court cannot determine whether any partial payment of the filing fee is due or, if so, the amount of the payment.

2. Plaintiff's claims are unexplained statements and legal conclusions. He does not provide factual background for any of his claims so that the Court can determine whether or not they state a potential claim for relief. Plaintiff must set out the facts supporting any claims he wishes to raise. It also appears that Plaintiff may be challenging a prison disciplinary conviction. If so, and if that

        conviction will affect the length of his sentence, such as through the loss of good time credits, Plaintiff cannot use § 1983 to challenge the conviction, but must instead file a habeas corpus petition. If Plaintiff wishes to file such a petition, he should request the proper forms from the Clerk of Court in this District.

3.        Plaintiff has not named proper defendants. He lists a number of defendants, but does not set out any facts connecting those persons to his claims or explaining how they violated his rights. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights and explain how they violated them.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Federal Rule of Civil Procedure 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Federal Rule of Civil Procedure 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 13th day of June, 2014.

                                                          /s/ Joi Elizabeth Peake
                                                          United States Magistrate Judge